GEORGE K. HUTCHINSON AND LINDA L. HUTCHINSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hutchinson v. Commissioner
Docket No. 18975-87.
United States Tax Court
T.C. Memo 1989-114; 1989 Tax Ct. Memo LEXIS 114; 56 T.C.M. (CCH) 1501; T.C.M. (RIA) 89114; March 22, 1989; As amended March 30, 1989; As amended April 10, 1989 John R. Schweitzer, for the petitioners. Ronald J. Long, Nelson E. Shafer and Edward G. Langer, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined an income tax deficiency and additions to tax for petitioners as follows: Additions to Tax
Year
Deficiency
§ 6653(a)(1) [1]
§ 6653(a)(2)
§ 6654
§ 6661
1984
$ 30,669
$ 1,533
*
$ 851
$ 7,667
*116 After concessions, we are presented with the following issues for decision: (1) whether George Hutchinson was engaged in a trade or business and, if so, whether he was entitled to deduct the following business expenses: (i) payments of $ 13,130.70 by George Hutchinson to third-parties for services rendered; (ii) travel expenses of $ 2,635; (iii) operating expenses of $ 4,441; (iv) payments of $ 2,853.03 for miscellaneous items used in his consulting business; (2) whether petitioners received additional gross income of $ 591 from the sale of stock; (3) whether petitioners are entitled to deduct dependency exemptions for Blake, Brian and Spencer Hutchinson; (4) whether petitioners are liable for additions to tax attributable to: (i) negligence or intentional disregard of the rules and regulations, pursuant to sections 6653(a)(1) and 6653(a)(2); (ii) underpayment of estimated taxes for tax year 1984, pursuant to section 6654; (iii) *117 a substantial understatement of income tax liability, pursuant to section 6661. Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. For convenience, our Findings of Fact and Opinion are combined. General Background George K. ("petitioner") and Linda L. Hutchinson resided in Medoun, Wisconsin, at the time their petition was filed. In 1984, petitioner was employed as a professor at the University of Wisconsin at Madison, where he taught courses in management information systems, production, operations research and quantitative methods. In addition to his teaching income, petitioner derived income from consulting and selling computer software to industrial companies and universities. Petitioner is an expert in the field of computer applications to flexible automation, which entails using computers to facilitate highly automated industrial processes. Petitioner was retained by clients who contemplated the need for an automated computer system design in their business. In connection with his consulting, petitioner sold computer software programs which were utilized in his *118 clients' automated processes. The primary software program that petitioner used in his consulting was CAPS/ECSL. [2] CAPS is a form of artificial intelligence that allows the user to solve problems by asking him questions. Based on the user's answers, CAPS writes a computer program in the ECSL language. Petitioner received $ 19,449.00 in 1984 from the following organizations for services he rendered related to his software consulting: Payor
Amount
University of Wisconsin
$    22.00
T.U.T.
1,095.00
Morg Controls (S. I. C.)
1,500.00
I.B.M.
2,500.00
Harris I/T
500.00
Arthur Andersen
2,000.00
DEC Corp.
5,000.00
I.B.M.
2,000.00
Amproteck
4,500.00
Rexnord
332.00
In connection with his software sales and consulting, petitioner allegedly incurred the following expenses in 1984 which, after concessions, remain in dispute: Item
Amount
Personal Services
$ 13,130.70
Auto Expenses
4,240.39
Travel
2,635.00
Utilities
4,441.00
Purchases
2,853.03
Office Services
98.75
Office Expenses
219.00
*119 Petitioners' joint Federal income tax return, which was 64 pages long, consisted mostly of handwritten and computer-generated business schedules. The front of the Form 1040 contained the following statement: "I am advised to inform you that there may be questionable entries on this return. GKH." (1) Trade or Business Determination
Ordinary and necessary expenses incurred in a trade or business or for the production of income are deductible, pursuant to sections 162 or 212. [3] These sections require that the taxpayer must harbor an actual and honest objective of making a profit. *120 Whether petitioner's software consulting activities constituted a trade or business depends upon whether he had an actual and honest objective of making a profit. Dreicer v. Commissioner,78 T.C. 642, 646 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). Petitioner's expectation of profit need not have been a reasonable one, but he must have entered into the activity, or continued it, with the objective of making a profit. Golanty v. Commissioner,72 T.C. 411, 425-426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). Profit objective is a question of fact to be determined from all of the facts and circumstances. Allen v. Commissioner,72 T.C. 28, 34 (1979); Dunn v. Commissioner,70 T.C. 715, 720 (1978), affd. 615 F.2d 578 (2d Cir. 1980). Section 1.183-2(b), Income Tax Regs., provides a nonexclusive list of factors which can *121 be employed in determining the existence of a taxpayer's profit objective: (1) the manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profit, if any, which is earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved. This list is intended to provide objective standards based upon prior case law. No one factor is determinative. Sec. 1.183-2(b), Income Tax Regs.; Abramson v. Commissioner,86 T.C. 360, 371 (1986). We conclude that petitioner was engaged in a trade or business. Petitioner devoted large quantities of time and effort to his software consulting and sales business. Petitioner did not merely dabble in software consulting -- he approached it in a business-like fashion. *122 Furthermore, his business was integrally related to the courses he taught at the Madison campus of the University of Wisconsin in that much of the knowledge petitioner gained in the classroom was put to work in his software consulting. Although neither respondent nor petitioner have presented evidence concerning the prior profitability of petitioner's business, we observe that petitioner realized substantial consulting fees in 1984. There is reason to believe that petitioner will continue to derive consulting fees in the future, based upon his preparation and profit motivation. Although petitioner finds his activities personally rewarding, his objective was to make a profit. Having established that petitioner was carrying on a trade or business in 1984, we now turn to an examination of business expenses allegedly incurred by petitioner in his software consulting business. (i) Payment for Services Rendered Petitioner deducted the following amounts allegedly paid to individuals for business services in 1984, which remain in dispute: Individual
Amount
Blake Hutchinson
$   616.50
Spencer Hutchinson
950.00
A. T. Clementson
8,000.00
Richard Schulz
3,564.20
*123 Blake and Spencer Hutchinson, petitioner's sons, were retained by petitioner on an as-needed basis to run time-consuming computer programs and to compile business records. Respondent argues that petitioner should not be able to deduct any amounts in excess of that Blake and Spencer reported as income on their returns. Respondent cites a memorandum decision of this Court [4] involving a taxpayer who attempted to deduct payments to his children which were made for both business and personal reasons as support for his proposition. In that case, we allowed that taxpayer to deduct only that amount as expense that his chilren reported as income. In the instant case, petitioner has met his burden by proving that the tasks performed by Spencer and Blake were directly related to his software consulting business and that no part of their services was personal in nature. The issue of whether Spencer and Blake fully reported their gross income in these amounts is not before us today. We therefore allow petitioner to deduct the above amounts paid to his sons Blake and Spencer. Respondent disallowed petitioner's *124 deduction for the alleged payment of $ 8,000 to A. T. Clementson. Clementson, a professor at the University of Birmingham in England, developed the CAPS/ECSL software in the early seventies. Clementson retained the right to market CAPS/ECSL for microcomputers through his own corporation, CLE.COM, Ltd. The payments made to Clementson were attributable to his sales efforts while he was visiting the United States. We find that petitioner's testimony concerning his payments to Clementson is credible and, accordingly, find that the payment from petitioner to Clementson was deductible as an ordinary and necessary business expense. Petitioner claimed a business deduction for payments to Richard H. Schulz, the attorney who represented him in his divorce proceedings. Petitioner claims that this expense related primarily to the determination, collection or refund of a tax and was deductible according to section 212. However, the divorce proceedings handled by Schulz deal only incidentally with tax issues. Since the payment was not made primarily for a purpose recited in section 212, and was primarily personal in nature, petitioner is not entitled to deduct the $ 3,564.20 payment to *125 Schulz. Sec. 262. (ii) Travel Expenses Petitioner deducted $ 304.48 in travel expenses incurred by Dr. Hatvany, who visited petitioner in 1984. Dr. Hatvany was a member of the Academy of Science in Hungary and was appointed to the Academy of Engineering in the United States. During his stay, Dr. Hatvany accompanied petitioner to meetings with potential clients. Petitioner's business reputation was greatly enhanced by Dr. Hatvany's visit. Petitioner also deducted $ 2,330.10 in travel expenses incurred by Clementson and another director of CLE.COM, Ltd. during a United States sales tour. This sales tour was designed to drum up interest in the CAPS/ECSL software that petitioner sold. Respondent argues that petitioner cannot deduct expenses for travel incurred by others absent an agreement between the parties. We hold that petitioner is entitled to deduct the expenses incurred by Dr. Hatvany and the two directors of CLE.COM, Ltd. The visit of Dr. Hatvany, a respected scientist, with petitioner and their subsequent client contact was valuable in establishing software markets in the Eastern Bloc and in developing clients in the United States. The sales tour by the CLE.COM, *126 Ltd. directors was important to petitioner's sales efforts in the United States. Petitioner invested a substantial sum in assisting in the payment of the above travel expenses because he thought it would enhance his stature within the industry and with the hope that the visits of these persons would lead to additional clients. The payments were promotional and sales expenses incurred by petitioner, notwithstanding their designation as "travel" expenses, and are fully deductible as ordinary and necessary business expenses. Bennett's Travel Bureau, Inc. v. Commissioner,29 T.C. 350, 359 (1957). (iii) Operating Expenses Petitioner deducted business expenses incurred with his software consulting business which remain in dispute: Description
Amount
a. Office Utilities
$    95.00
b. Home Utilities
519.00
c. Postage (Bundle)
314.00
d. Postage (Receipts)
102.00
e. Copying (Bundle)
360.00
f. Copying (Page D)
235.00
g. Bookstore (Bundle)
2,112.00
h. Phone (Long Distance)
488.00
i. Local Business Calls
74.00
j. Photowork
142.00
$ 4,441.00
Respondent disallowed item a. on the grounds that petitioner also deducted $ 95 under the *127 heading "Home Utilities." We agree with respondent's disallowance of this item. Although respondent allowed petitioner to deduct most of his office expenses that were incurred at his office away from his home, petitioner has not proven that he maintained an office in his residence. See section 280A. We therefore disallow item b. and concur that petitioner is not entitled to deduct $ 519 for home utilities. Respondent claims that petitioners have already deducted items c. through g. and j. in another part of their return and that respondent has already conceded many of these deductions. We agree with respondent and conclude that petitioners are not entitiled to deduct items c. through g. and item j. listed herein. We also conclude that petitioners have failed to prove that they are entitled to deduct items h. and i. We therefore conclude that petitioners are not entitled to deduct items h. and i. (iv) Purchases Petitioner claims deductions of $ 2,853.03 for various hardware items that he purchased for his software consulting business. These purchases included items such as batteries, wiring, a phone answering machine, small tools, pen refills and other miscellaneous implements. *128 Respondent disallowed these deductions on the grounds that the purchases were personal in nature and were not used in petitioner's software consulting or his teaching at the University of Wisconsin. Petitioner's testimony concerning the use of these materials in his consulting business was credible. We therefore conclude that he is entitled to deduct $ 2,853.03 in business purchases. (2) Sale of Stock
In his notice of deficiency, respondent determined that petitioner had unreported ordinary income from the sale of stock in the amount of $ 1,478. Respondent subsequently conceded $ 877 of this adjustment, and that the sale resulted in long-term capital gain. Sec. 1202. The remaining $ 591 is in dispute. Respondent's adjustment is based on information reported to the Internal Revenue Service by various payors. Petitioner admitted that he owned the stock that was reported as having been sold; however, he did not recall selling such stock or receiving proceeds from their sale. Petitioner has failed to prove he did not receive the disputed payments. We sustain respondent's inclusion of $ 591 in petitioner's gross income. (3) Personal Exemptions
Respondent determined *129 that petitioner is not entitled to deduct dependency exemptions for Blake, Brian or Spencer Hutchinson. Blake and Spencer were full time students in 1984 and both held part time jobs in order to pay for their college education. Furthermore, there is no evidence at all concerning Brian. Petitioners have not met their burden of proving that they provided more than half of the support needs of Blake, Spencer or Brian. Sec. 152(a). We sustain respondent's disallowance of petitioners' dependency exemption deductions. (4) Additions to Tax
(i) Sections 6653(a)(1) and 6653(a)(2)
Section 6653(a)(1) provides an addition to tax of 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of the rules and regulations. In addition, section 6653(a)(2) imposes a further addition to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Negligence is defined as a failure to exercise the due care that a reasonable and ordinarily prudent person would under the circumstances. *130 Neely v. Commissioner,85 T.C. 934, 947 (1985). Petitioners have the burden of proof. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioners' joint Federal income tax return for 1984 -- 64 pages in length -- consisted of Form 1040, Schedules A and B and 61 pages of poorly organized, handwritten and computer-generated business expense schedules characterized by incorrect addition and double inclusions. Petitioner retained inadequate records and failed to substantiate many of his business deductions. We sustain respondent's imposition of additions to tax pursuant to sections 6653(a)(1) and 6653(a)(2), because petitioner has failed to prove that any portion of his disallowed deductions were not attributable to negligence. (ii) Section 6654 Respondent also determined an addition to tax for tax year 1984 under section 6654, for underpayment of estimated Federal income tax. This addition is mandatory, absent a showing by petitioner that one of the several statutorily provided exceptions applies. Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). Petitioner made no such showing. Respondent's imposition of the *131 addition to tax for underpayment of estimated taxes is sustained to the extent required by section 6654 after completion of the Rule 155 computation. (iii) Section 6661 Finally, respondent determined that petitioner was liable for an addition to tax of 25 percent for a substantial understatement of income tax liability pursuant to section 6661. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. Sec. 6661(b)(1)(A). Where an item is not attributable to a tax shelter, the understatement may be reduced by the amount of such item if the taxpayer's treatment of the item was based on substantial authority, section 6661(a)(2)(B)(i), or if the taxpayer had adequately disclosed on the return or in a statement attached to the return the relevant facts affecting such item's tax treatment. Sec. 6661(b)(2)(B)(ii). Petitioner did not have substantial authority for the deductions which he has conceded or those which we have disallowed; nor has he adequately disclosed, by attached statement to, or disclosure on, his income tax return, the relevant facts affecting the tax treatment of various items on the return. *132 Petitioner's generic disclosure on the cover of Form 1040 falls far short of the requirements of Rev. Proc. 85-19, 1985-1 C.B. 520, effective for returns filed in 1985 with a filing due date after December 31, 1984, which sets forth specific situations in which disclosures made on a return constitute adequate disclosure. See sec. 1.6661-4(c), Income Tax Regs. Furthermore, petitioner's statement on the front page of the Form 1040 does not constitute an adequate attached statement, section 1.6661-4(b)(1),Income Tax Regs., and is not arranged in a manner that reasonably may be expected to apprise the Internal Revenue Service of the identity of the item, its amount, and the nature of the potential controversy concerning the item or items. Sec. 1.6661-4(b)(3), Income Tax Regs. Therefore, no part of the understatement is excluded from the determination of whether the understatement was "substantial." We hold that the 25-percent addition to tax of section 6661 applies to petitioners if the Rule 155 computation reveals a substantial understatement of income tax within the meaning of section 6661 *133 (b)(1)(A). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
*. 50% of the interest due on $ 30,669 ↩
2. CAPS is an acronym for "Computer Aided Programing for Simulation" and ECSL is an acronym for "Extended Control Simulation Language."↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. -- There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year -- (1) for the production or collection of income; * * *↩
4. Roundtree v. Commissioner,T.C. Memo. 1980-117↩.